NOT DESIGNATED FOR PUBLICATION

COURT OF APPEAL, THIRD CIRCUIT

10-1481

STATE OF LOUISIANA

VERSUS

KIRK ANTOINE

**********

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. CR 119099, Div. D
HONORABLE EDWARD D. RUBIN, DISTRICT JUDGE

**********

JAMES T. GENOVESE
JUDGE

**********

Court composed of Oswald A. Decuir, James T. Genovese, and Shannon J. Gremillion, Judges.

CONVICTION AND SENTENCE AFFIRMED.
MOTION TO WITHDRAW GRANTED.

James E. Beal
Louisiana Appellate Project
Post Office Box 307
Jonesboro, Louisiana 71251-0307
(318) 259-2391
COUNSEL FOR DEFENDANT/APPELLANT:
     Kirk Antoine

Michael Harson
District Attorney – Fifteenth Judicial District
Alan P. Haney – Assistant District Attorney
Post Office Box 4308
Lafayette, Louisiana 70502-4308
(337) 291-7009
COUNSEL FOR APPELLEE:
     State of Louisiana

**GENOVESE, Judge.**

In this criminal case, Defendant, Kirk Antoine, appeals his conviction and seventeen-year hard labor sentence subsequent to his plea agreement and habitual offender adjudication. For the following reasons, we affirm Defendant's conviction and sentence.

## FACTUAL AND PROCEDURAL HISTORY

Defendant was charged by bill of information with three counts of simple burglary and one count of public intimidation. With benefit of counsel, he entered a plea of guilty to one count of simple burglary and was sentenced to twelve years at hard labor. A habitual offender bill of information was then filed by the State, charging Defendant as a second felony habitual offender. Again, with benefit of counsel and pursuant to his plea agreement, Defendant pled guilty to being a second felony habitual offender. The trial court then vacated Defendant's original twelve-year burglary sentence and imposed a habitual offender sentence of seventeen years at hard labor to run concurrently with any other sentence Defendant is presently serving.

The State enunciated for the trial court the factual basis in support of Defendant's plea. It opted to proceed with the simple burglary offense set forth in Count Two of its Bill of Information and to sever the rest of the counts. The State alleged:

> [T]hat on or about the 3rd day of August, 2007, the defendant, Kirk Antoine, in the Parish of Lafayette, committed simple burglary of a building or structure located at 1113 Foreman Drive, again, here in Lafayette Parish, being the property of Dr. Randy Gautreaux, and he entered that doctor's office with the intent to commit a felony or a theft therein, and that would be in violation of Louisiana Revised Statutes 14:62 . . . .

A Post-Conviction Application requesting an out of time appeal was timely filed by Defendant, pro se, within thirty days of his sentencing. Consequently, Defendant's request for post-conviction relief will be treated as a timely filed motion for appeal and designation of record. Appellate counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396 (1967), in this matter along with a Motion to Withdraw as counsel of record. For the following reasons, we affirm and grant counsel's Motion to Withdraw.

## ERRORS PATENT

In accordance with La.Code Crim.P. art. 920, all appeals are reviewed for errors patent on the face of the record. After reviewing the record, we find no actionable errors patent.

### *ANDERS* ANALYSIS:

Pursuant to *Anders*, Defendant's appellate counsel has filed a brief stating that he could not find any errors on appeal that would support a reversal of Defendant's conviction or sentence. Thus, counsel seeks to withdraw.

In *State v. Benjamin*, 573 So.2d 528, 531 (La.App. 4 Cir. 1990), the court explained the *Anders* analysis:

> When appointed counsel has filed a brief indicating that no non-frivolous issues and no ruling arguably supporting an appeal were found after a conscientious review of the record, *Anders* requires that counsel move to withdraw. This motion will not be acted on until this court performs a thorough independent review of the record after providing the appellant an opportunity to file a brief in his or her own behalf. This court's review of the record will consist of (1) a review of the bill of information or indictment to insure the defendant was properly charged; (2) a review of all minute entries to insure the defendant was present at all crucial stages of the proceedings, the jury composition and verdict were correct and the sentence is legal; (3) a review of all pleadings in the record; (4) a review of the jury sheets; and (5) a review of all transcripts to determine if any ruling provides an arguable basis for appeal. Under C.Cr.P. art. 914.1(D)[,] this Court will

2

order that the appeal record be supplemented with pleadings, minute entries and transcripts when the record filed in this Court is not sufficient to perform this review.

Pursuant to *Anders* and *Benjamin*, we have performed a thorough review of the record, including pleadings, minute entries, the charging instruments, and the transcripts. Defendant was properly charged by bill of information, was present and represented by counsel at all crucial stages of the proceedings, and entered a free and voluntary guilty plea after being advised properly of his rights in accordance with *Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709 (1969). Additionally, Defendant received a legal sentence.

In the instant case, Defendant pled guilty to one count of simple burglary and admitted to being a habitual second felony offender with an agreed-upon sentence of seventeen years at hard labor. Defendant pled to reduced charges, with three counts being dismissed from the original bill. Additionally, Defendant had an extensive criminal record and only one conviction (among several) was taken into consideration in the habitual offender proceeding. The record indicates that Defendant was advised that the habitual offender sentence would run concurrently with any other sentence he was then serving as a result of a prior conviction or convictions. He was further advised of and waived his right to trial by jury, his right of confrontation, his right to remain silent, his right to call witnesses on his behalf, his right to challenge the racial makeup of the jury, his right to an attorney at trial and on appeal, if convicted, his right to seek post-conviction relief, and the maximum possible penalty for the crime. A factual basis for Defendant's guilt was established and set forth in the record. He was likewise advised of his rights as a second felony habitual offender. There is no indication, anywhere in the record, that Defendant's plea was taken pursuant to *State*

3

*v. Crosby*, 338 So.2d 584 (La.1976); therefore, any procedural irregularities or pretrial errors are waived. *State v. Starks*, 01-1078 (La. 03/28/02), 812 So.2d 638.

The only possible issue Defendant could have raised would have been excessive sentence. However, Defendant "cannot seek appeal or review of a sentence imposed in conformity with a plea agreement which was set forth in the record at the time of the plea." La.Code Crim.P. art. 881.2(A)(2).

## DISPOSITION

After a thorough review of the record, we find no issues which would support an assignment of error on appeal. Defendant's conviction and sentence are affirmed. Defense counsel's Motion to Withdraw is granted.

**CONVICTION AND SENTENCE AFFIRMED. MOTION TO WITHDRAW GRANTED.**

STATE OF LOUISIANA

COURT OF APPEAL, THIRD CIRCUIT

10-1481

**STATE OF LOUISIANA**

**VERSUS**

**KIRK ANTOINE**

On Appeal from the Fifteenth Judicial District Court, Docket Number 119099, Division D, Parish of Lafayette, State of Louisiana, Honorable Edward D. Rubin, District Judge.

**O R D E R**

After consideration of appellate defense counsel's request to withdraw as counsel of record and the appeal presently pending in the above-captioned matter,

**IT IS HEREBY ORDERED** that appellate defense counsel's Motion to Withdraw is granted.

**THUS DONE AND SIGNED** this _____ day of ____April____, 2011.

**COURT OF APPEAL, THIRD CIRCUIT**


_____
**Judge Oswald A. Decuir**


_____
**Judge James T. Genovese**


_____
**Judge Shannon J. Gremillion**